IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUDITH H. RICHMAN AND DUR-RICH
REALTY, INC.,

      Appellants,

Case No. 5D21-1307
  v.                                        LT Case No. 05-2017-CA-015505-X

ROBERT S. CALZARETTA, DEBRA
CALZARETTA, KELSMEG, LLC AND
SEA & SUN REALTY, INC.,

      Appellees.

_____/

Opinion filed May 13, 2022

Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

August J. Stanton, Jr., of A. J. Stanton, Jr., P.A.,
Orlando, for Appellants.

Michael R. Riemenschneider and Jeffrey L.
DeRosier, of Riemenschneider, Wattwood &
DeRosier, P.A., Melbourne, for Appellees.


EISNAUGLE, J.

Judith H. Richman and Dur-Rich Realty, Inc. ("Richman" and "Dur-Rich"), appeal an order awarding Robert S. Calzaretta attorney's fees and costs pursuant to section 607.1604(1), Florida Statutes (2020). We reverse because section 607.1604(1) does not authorize an award of fees incurred in a garnishment proceeding.

In the underlying dispute, Calzaretta sought to inspect and copy corporate records and obtained a judgment for attorney's fees (the "fee judgment") pursuant to section 607.1604, which this court affirmed on appeal. *Dur-Rich Realty, Inc. v. Calzaretta*, 291 So. 3d 616 (Fla. 5th DCA 2020). Thereafter, Calzaretta commenced garnishment proceedings to collect the fee judgment and then moved for an additional award of attorney's fees incurred in the garnishment effort, once again relying on section 607.1604. The trial court granted the motion and rendered a second fee judgment in the amount of $18,189.17. This appeal follows.

On appeal, Richman and Dur-Rich argue that section 607.1604(1) does not authorize attorney's fees in garnishment proceedings. Calzaretta responds, in conclusory fashion, that the "seminal language 'enforce its rights under this section . . .' clearly contemplates enforcement actions to collect on the judgment." In short, Calzaretta contends that enforcement of

his fee judgment is equivalent to the enforcement of his right to inspect and copy corporate records.  We agree with Richman and Dur-Rich and reverse.[1]

Section 607.1604(1) provides:

> If a corporation does not allow a shareholder who complies with s. 607.1602(1) to inspect and copy any records required by that subsection to be available for inspection, the circuit court in the applicable county may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder. *If the court orders inspection and copying of the records demanded under s. 607.1602(1), it shall also order the corporation to pay the shareholder's expenses, including reasonable attorney fees, incurred to obtain the order and enforce its rights under this section.*

(emphasis added).

---

[1] We acknowledge that Calzaretta's reading of the statute might find some general support in the rules of grammar.  However, given the lack of briefing, we decline to engage in a lengthy grammatical analysis here. Suffice it to say, we have considered various grammatical principles in reaching our decision, but we conclude any rules of grammar that arguably support Calzaretta's reading are overridden by the context of the statute. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 141 (2012) ("The presumption of legislative literacy is a rebuttable one; like all the other canons, this one can be overcome by other textual indications of meaning."); *see also State v. McGary*, 93 P.3d 941, 945 (Wash. Ct. App. 2004) ("[W]e must also consider whether the grammatically correct construction of the statute makes sense within the statutory scheme as a whole." (citation omitted)).

As our supreme court recently explained, when interpreting a statute, Florida's courts "follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (alteration in original) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). "[E]very word employed in [a legal text] is to be expounded in its plain, obvious, and common sense, unless the context furnishes some ground to control, qualify, or enlarge it." *State v. McKenzie*, 331 So. 3d 666, 670 (Fla. 2021) (alteration in original) (citation omitted). Importantly, "[c]ontext always matters because sound interpretation requires paying attention to the whole law, not homing in on isolated words or even isolated sections." *Id.* at 671 (internal marks and citation omitted).

When considering the entirety of the statute in context, we reject Calzaretta's strained reading of section 607.1604(1). Instead, we believe the more reasonable reading is that the phrase, "enforce its rights under this section," refers to the statute's primary objective—a shareholder's right to inspect and copy records. We do not read section 607.1604(1) to create a litigation roundabout, where collection proceedings on a fee judgment are

followed by a new motion for fees and another fee judgment, only for the cycle to start all over yet again.

In this case, Calzaretta was obviously not attempting, via the garnishment proceedings, to obtain an order for the inspection and copying of records, or even to enforce such an order. Instead, he was attempting to collect on a fee judgment.

We therefore conclude that the plain language of section 607.1604(1) does not authorize an award of fees incurred during garnishment proceedings.[2] As a result, we reverse the order on appeal and remand for further proceedings.

REVERSED and REMANDED.

LAMBERT, C.J., and WALLIS, J., concur.

---

[2] The motion at issue here, and the trial court's order, relied on section 607.1604(1). We therefore do not consider whether Calzaretta might have been entitled to fees pursuant to some other statute.

5